IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

ECHOSTAR SATELLITE L.L.C., a Colorado corporation,

    Plaintiff,

v.

JOHN MADDEN, an individual; and
CHARLES BARKLEY, an individual,

    Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff EchoStar Satellite L.L.C. ("EchoStar") brings this action seeking an order declaring that advertisements for DISH Network in which a popular comedian parodies Defendants John Madden and Charles Barkley do not violate any federal or state trademark or common law rights Mr. Madden or Mr. Barkley may have in their names, marks, likenesses, privacy, or publicity.

### PARTIES

1.    EchoStar Satellite L.L.C. ("EchoStar") is a Colorado limited liability corporation with its principal place of business in Englewood, Colorado. EchoStar operates DISH Network, which provides satellite television services and products in Colorado and the United States.

2.    On information and belief, Defendant John Madden, an individual, resides in New York City, New York. Mr. Madden is a former NFL coach and a sports celebrity who regularly

appears in nationally televised shows and, on information and belief, has personally appeared in Denver, Colorado, to cover NFL games.

3. On information and belief, Defendant Charles Barkley, an individual, resides in Scottsdale, Arizona. Mr. Barkley is a former NBA basketball player and a sports celebrity who regularly appears in nationally televised shows and, on information and belief, has personally appeared in Denver, Colorado, to cover the NBA All-Star game.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over the action under 28 U.S.C. §§ 1331 and 1338. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, and under the trademark laws of the United States, including the Lanham Act, 15 U.S.C. § 1125, *et seq.* and under other statutory and common law.

5. The Court has diversity jurisdiction over the action under 28 U.S.C. § 1332, because complete diversity of citizenship exists and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. The Court also has jurisdiction over EchoStar's state law claims under 28 U.S.C. § 1367, because the state law claims are so related to the Federal claims in this action that they form part of the same case or controversy. The state law claims do not (i) raise novel or complex issues of state law or (ii) substantially predominate over the Federal claims.

7. Venue is proper under 28 U.S.C. § 1391 and the Court has personal jurisdiction over Defendants because (i) a substantial part of the events or omissions giving rise to the claims occurred in this judicial district; (ii) Defendants purposefully sent correspondence threatening legal action regarding the matters raised in this complaint to EchoStar in this judicial district;

(iii) Defendants have done business in and purposefully availed themselves of the benefits of this judicial district; (iv) EchoStar resides in this judicial district; and (v) EchoStar would suffer harm in this judicial district if a declaratory judgment is denied.

## BACKGROUND

8.Frank Caliendo is a nationally recognized comedian, actor, and impressionist who currently appears in his own cable network television show ("FrankTV"). Mr. Caliendo has also appeared on various sketch comedy shows, late night talk shows, and sports-related shows such as the Fox network's NFL coverage. In his appearances on such shows prior to the advertisements at issue here, Mr. Caliendo has performed impressions of Mr. Madden and Mr. Barkley.

9.EchoStar promotes DISH Network through television, print, radio, and Internet advertising in Colorado and the United States. On or about February 1, 2008, EchoStar commenced a DISH Network promotional campaign in Colorado and the United States involving Mr. Caliendo. In the campaign, Mr. Caliendo discusses attributes of DISH Network services and products. Mr. Caliendo also parodies and caricatures various celebrities from the fields of sports, entertainment, and politics, including Mr. Madden and Mr. Barkley.

10.In the DISH Network television advertisements in which Mr. Caliendo parodies and caricatures Mr. Madden and Mr. Barkley, Mr. Caliendo is expressly identified at the beginning of the advertisements as "Frank Caliendo, Comedian," and appears as himself side-by-side with his impression of Mr. Madden or Mr. Barkley. On the DISH Network web site and in related print and radio advertisements, Mr. Caliendo is similarly identified by his own name. The web site and print advertisements both also refer to "the many faces of Frank." The

advertisements do not include the actual names, pictures, or voices of Mr. Madden or Mr. Barkley.

11.     Mr. Caliendo's impressions of Mr. Madden and Mr. Barkley are intended to be, and are, obvious and humorous parodies and caricatures of some of the traits of Mr. Madden and Mr. Barkley.  Mr. Caliendo's parodies and caricatures of Mr. Madden and Mr. Barkley do not create any likelihood of confusion, or suggest or imply that Mr. Madden or Mr. Barkley sponsor or promote DISH Network.

12.     In early February 2008, representatives of Mr. Madden and Mr. Barkley alleged that EchoStar was improperly using and misappropriating the names, identities, or likenesses of Mr. Madden and Mr. Barkley.  Defendants' representatives threatened to pursue all available legal remedies against EchoStar for the advertisements in which Mr. Caliendo parodies and caricatures Mr. Madden and Mr. Barkley.

13.     EchoStar denies that the advertisements involving Mr. Caliendo violate any trademark rights Mr. Madden or Mr. Barkley may have under the Lanham Act or other federal statutes, state law, or common law.  EchoStar also denies that the advertisements involving Mr. Caliendo violate any right of publicity or privacy Mr. Madden or Mr. Barkley may have under federal, state, or common law.  The advertisements involving Mr. Caliendo are parodies and caricatures protected by the First Amendment.

14.     Because EchoStar has already begun the promotional campaign involving Mr. Caliendo's parodies and caricatures of Mr. Madden and Mr. Barkley, there is an actual and justiciable controversy among the parties pertaining to their respective legal rights and relations.

15. Because representatives of Mr. Madden and Mr. Barkley have threatened imminent legal action against EchoStar, EchoStar has a real and reasonable apprehension that it will be sued by Mr. Madden and Mr. Barkley if it continues the promotional campaign involving Mr. Caliendo's parodies and caricatures of Mr. Madden and Mr. Barkley.

## CLAIM FOR DECLARATORY RELIEF

16. EchoStar restates and incorporates the preceding paragraphs as if fully stated herein.

17. EchoStar seeks a declaration and final judgment in its favor declaring that EchoStar has not violated or infringed any rights in name, mark, likeness, privacy, or publicity that Mr. Madden or Mr. Barkley may possess under (i) the Lanham Act or other federal statutes or (ii) state or common law.

18. EchoStar's advertisements in which Mr. Caliendo parodies and caricatures Mr. Madden or Mr. Barkley have not (i) created any likelihood of, or actual, consumer confusion; (ii) misappropriated any name, mark, likeness, privacy, or publicity Mr. Madden or Mr. Barkley may possess; or (iii) caused Mr. Madden or Mr. Barkley to suffer any damages.

19. EchoStar seeks a declaration and final judgment in its favor declaring that Mr. Madden and Mr. Barkley are not entitled to an injunction, damages, or other relief.

20. By reason of the foregoing, there is an actual and justiciable controversy among the parties pertaining to their respective rights and legal relations.

## PRAYER FOR RELIEF

WHEREFORE, EchoStar prays for judgment in its favor and against Mr. Madden and Mr. Barkley as follows:

1. That the Court declare and adjudge that EchoStar has not violated or infringed any rights in name, mark, likeness, privacy, or publicity that Mr. Madden or Mr. Barkley may possess under (i) the Lanham Act or other federal statutes or (ii) state or common law; and declare and adjudge that Mr. Madden and Mr. Barkley are not entitled to any damages, injunctions or other relief; and

2. That EchoStar be awarded such other and further relief as the Court deems just and proper under the circumstances, including reasonable attorneys fees, costs, and expenses as appropriate.

**DEMAND FOR JURY TRIAL**

EchoStar demands a trial by jury on all issues so triable.

Dated: February 14, 2008

        Respectfully submitted,

        s/Scott F. Llewellyn
            Scott F. Llewellyn (Reg. No. 34821)
            Lila M. Bateman (Reg. No. 32297)
            Brian Neil Hoffman (Reg. No. 32999)
            Morrison & Foerster LLP
            5200 Republic Plaza
            370 Seventeenth Street
            Denver, Colorado 80202-5638
            Telephone: 303.592.1500
            Facsimile: 303.592.1510
            Email: sllewellyn@mofo.com
                   lbateman@mofo.com
                   bhoffman@mofo.com

            Attorneys for Plaintiff
            EchoStar Satellite L.L.C.